ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Peticionario<br><br>V.<br><br>WAPA TV DE PR, PRESIDENTE GENERAL JAVIER MAYNULET, JOHN DOE Y OTROS<br><br>Recurrido | **KLCE202400827** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. SJ2020CV01007<br><br>Sobre: Daños |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio, el Juez Campos Pérez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 18 de septiembre de 2024.

Comparece ante este foro el Sr. Eliezer Santana Báez (señor Santana o "el peticionario"), por derecho propio y en forma *pauperis*, y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 16 de julio de 2024.[2] En virtud de esta, el foro primario denegó la moción al amparo de la Regla 65.3 de Procedimiento Civil instada por el peticionario, puesto que, estaba representado por abogado y las mociones debían ser presentadas a través de su representación legal.

Por los fundamentos que se exponen a continuación, **EXPEDIMOS** el auto de *certiorari* y **CONFIRMAMOS** el dictamen emitido.

### I.

Según surge del expediente, el señor Santana, quien se encuentra confinado bajo la custodia del Departamento

---

[1] Ver Orden Administrativa OATA-2024-062 del 4 de junio de 2024.
[2] Véase, sobre del correo postal, anejo IV, pág. 5 del apéndice del recurso.

Número Identificador
SEN2024 _____

de Corrección y Rehabilitación, presentó el 17 de junio de 2024, una *Moción al Amparo de la Regla 65.3 de Procedimiento Civil*.[3] Mediante la cual, alegó que todas las órdenes y resoluciones emitidas por el foro primario le habían sido notificadas personalmente. Sin embargo, sostuvo que la *Sentencia* dictada por el foro *a quo* en el caso de epígrafe, no le fue notificada.

El 1 de julio de 2024, el foro primario emitió una *Orden*,[4] en la cual dispuso lo siguiente:

> Nada que proveer. Surge del expediente judicial que en el caso de autos la parte demandante esta asistida por abogado. No atenderemos mociones por derecho propio. La parte demandante deberá presentar sus escritos por conducto de su representación legal.

Inconforme, el 29 de julio de 2024, el señor Santana acudió ante este Foro mediante recurso de *certiorari*, en el cual le imputó al foro primario la comisión del siguiente señalamiento de error:

> Erró el Tribunal de Bayamón por voz de María E. Pérez Ortiz al concluir que al demandante-apelante no se le debe notificar de la *Sentencia* que emita el Tribunal por estar asistido de abogado, aun cuando el abogado no sea la parte que lo va a representar en apelación sino el mismo demandante por derecho propio.

El 22 de agosto de 2024, emitimos una *Resolución* concediéndole quince (15) días desde la fecha de presentación del recurso a la parte recurrida para que presentara su oposición al recurso.

Transcurrido el término dispuesto, la parte recurrida no compareció a presentarnos su postura. Consecuentemente, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición.

---

[3] *Moción al amparo de la Regla 65.3 de Procedimiento Civil*, anejo I, págs. 1-2 del apéndice del recurso.
[4] *Orden*, anejo II, pág. 3 del apéndice del recurso.

## II.

### -A-

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de mayor jerarquía puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez*, supra. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, supra. No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez*, supra.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez*, supra. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B. R. 40.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918. Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias

o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

-B-

Emitida una sentencia, las Reglas de Procedimiento Civil le imponen al Secretario(a) del Tribunal la obligación de notificar la mismas a la brevedad posible a todas las partes afectadas. Además de la obligación de archivar en autos copia de la sentencia y de la constancia de su notificación a todas las partes. Ello es de vital importancia pues la notificación tiene efecto sobre los procedimientos post sentencia disponible a las partes.

Conforme a ello, la Regla 46 de Procedimiento Civil establece lo siguiente:

> Será deber del Secretario o Secretaria notificar a la brevedad posible, dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos, Procedimientos y Providencias Interlocutorias constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo. 32 LPRA Ap. V, R. 46.

De conformidad con lo anterior, la Regla 65.3 (a) de dicho cuerpo reglamentario también regula lo pertinente a la notificación de órdenes, resoluciones y sentencias. 32 LPRA Ap. V, R. 65.3. Así pues, dispone que inmediatamente después de archivarse en autos copia de una orden, resolución o sentencia, el Secretario(a) notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la

Regla 67 de Procedimiento Civil, 32 LPRA Ap. V, R. 67. En lo aquí pertinente, la Regla 65.3 (b) establece que la notificación de los dictámenes se efectuará a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones. 32 LPRA Ap. V, R. 65.3 (B).

Por su parte, la Regla 67.2 de las de Procedimiento Civil dispone lo siguiente:

> Siempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada, a menos que el tribunal ordene que la notificación se efectúe a la parte misma. La notificación al abogado o abogada o a la parte se efectuará entregándole copia o remitiéndola por correo, fax o medio electrónico a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9 de este apéndice. Si la dirección se desconoce, se notificará de ello al tribunal con copia del escrito de que se trate.

> Entregar una copia conforme a esta regla significa ponerla en manos del abogado o abogada o de la parte, o dejarla en su oficina en poder de su secretario(a) o de otra persona a cargo de ésta. De no haber alguien encargado de la oficina, puede dejarla en algún sitio conspicuo de la misma, o si la oficina está cerrada o la persona a ser notificada no tiene oficina, dejándola en su domicilio o residencia habitual en poder de alguna persona que no sea menor de 18 años que resida allí. La notificación por correo quedará perfeccionada al ser depositada en el correo o al ser enviada vía fax o por correo electrónico. 32 LPRA Ap. V, R. 67.2.

**III.**

En el caso de autos, el peticionario alega que el foro primario cometió el error de no notificarle la *Sentencia* por estar representado por abogado. Sostiene que, el abogado no es quien lo representaría en la etapa

apelativa, y que el foro *a quo* debió notificarle para que se activara el término para acudir ante este Foro.

No obstante, al verificar las constancias del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), el 29 de mayo de 2024 el señor Santana llegó a presentar una *Apelación* ante este Foro.[5] Mediante esta, solicitó la revisión y revocación de la *Sentencia* alegadamente emitida y notificada el 17 de mayo de 2024, y la cual arguye no le fue notificada. El 12 de junio de 2024, emitimos una *Sentencia*, donde desestimamos el recurso de *Apelación* por craso incumplimiento con el Reglamento del Tribunal de Apelaciones, al no incluir los documentos necesarios para poder ejercer nuestra función revisora.

Más aún, según el expediente electrónico en SUMAC, la *Sentencia* dictada por el foro de instancia le fue notificada al abogado del peticionario a través de su correo electrónico. Conforme dispone nuestro ordenamiento jurídico, "[s]iempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada, a menos que el tribunal ordene que la notificación se efectúe a la parte misma." Así pues, concluimos que el señor Santana, al haber estado representado por abogado, la *Sentencia* le fue notificada conforme a las disposiciones de las Reglas 65.3(b) y 67.2 de Procedimiento Civil, *supra*.

En virtud de lo anterior, concluimos que el foro primario no cometió el error señalado por el peticionario.

---

[5] Véase, entrada núm. 93 en SUMAC.

**IV.**

Por los fundamentos antes expuestos, **EXPEDIMOS** el auto de *certiorari* y **CONFIRMAMOS** el dictamen emitido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones